UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**Andrea DORSEY,**<br>　　　　　　**Defendant.** | Crim. No. 13-509 (KM)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

THIS MATTER comes before the Court upon a *pro se* "Motion to Modify Restitution Judgment" by the defendant, Andrea Dorsey (ECF No. 61). (Ms. Dorsey also sent the court a letter, dated May 20, 2014, which I have construed as part of the motion and placed on the electronic filing system.)

On March 24, 2014, I sentenced Ms. Dorsey to 87 months' imprisonment based on her plea of guilty to multiple bank robberies. The sentence included "restitution in the total amount of $59,387.24." The sentence "recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the fine shall be paid from those funds at a rate equivalent to $25 every 3 months." (Judgment, ECF no. 58, at p.6)  Ms. Dorsey is currently serving her sentence at SFF Hazelton, a federal correctional facility in Bruceton, West Virginia.

This motion seeks two forms of relief. First, Ms. Dorsey requests "the courts to establish a set payment of $25.00 per quarter." Second, she states that "jobs are limited" at SFF Hazelton, and asks to be relieved from the IFRP payment requirements until she is released from custody.

As to the first request, the motion is denied as moot. The Judgment of Conviction already has recommended a set payment of $25.00 per quarter while Ms. Dorsey is incarcerated. That recommendation remains in place.

If I were to interpret this *pro se* submission liberally as a request for modification of restitution, I would deny it at the present time. The sentence was recent, defendant is incarcerated, the impact of the repayment schedule is modest, and the motion includes no evidence as to the defendant's changed

financial condition or resources that was not contemplated at the time of sentencing. *See generally* 18 U.S.C. § 3664(k) (modification requires showing of "material change in [defendant's] economic circumstances that might affect the defendant's ability to pay restitution"). *See United States v. Savage,* 466 F. App'x 68, 70 (3d Cir. 2012) (not precedential) (denial of motion proper where a defendant claims generally "that prison jobs have become scarce," but fails to "present any evidence or specific allegations about his economic circumstances, such as how much he previously earned per month, how much he earns now, or how much money he has in his prison account"). *See also United States v. Vanhorn,* 399 F.3d 884, 886 (8th Cir. 2005) (no evidence of "*immediate* change in [defendant's] economic status").

That general authority of the sentencing court to modify restitution, in addition, is limited in the case of the repayment schedule imposed by the Bureau of Prisons, as explained immediately below.

The second request, *i.e.*, to alter or suspend the Bureau of Prisons' IFRP repayment schedule, is not properly directed to this Court. The sentencing court is not empowered by Section 3664(k) to dictate "the payments [defendant] is required to make through the IFRP," a program administered by the Bureau of Prisons. *See United States v. Savage,* 466 F. App'x at 70. The "proper vehicle for such a claim is a petition under 28 U.S.C. § 2241 filed in the district where [defendant's] sentence is being carried out." *Id.* (citing *McGree v. Martinez,* 627 F.3df 933, 937 (3d Cir. 2010)). *United States v. Diggs,* 578 F.3d 318, 319 (5th Cir. 2009).

In this case, that means that Ms. Dorsey would have to file a habeas petition under 28 U.S.C. § 2241 in the district where she is incarcerated, that is, the United States District Court for the Northern District of West Virginia.

**IT IS THEREFORE** this 13th day of August, 2014,

**ORDERED** that the motion of the defendant, Andrea Dorsey, to modify the restitution judgment is **DENIED**.

_____
**KEVIN MCNULTY, U.S.D.J.**