UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREA DORSEY**<br><br>v.<br><br>**UNITED STATES OF AMERICA** | Civ. No. 16-2294 (KM) |
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**Andrea DORSEY,**<br>            **Defendant.** | Crim. No. 13-509 (KM)<br><br>**MEMORANDUM OPINION** |

THIS MATTER comes before the Court upon a *pro se* petition to modify sentence pursuant to 28 U.S.C. § 2255 (16cv2294 ECF no. 1), as well as a motion under Fed. R. Crim. P. 36 to correct the judgment (13cr509 ECF no. 68)

On March 24, 2014, I sentenced Ms. Dorsey to 87 months' imprisonment based on her plea of guilty to multiple bank robberies. (Crim. No. 13-509) The sentence included "restitution in the total amount of $59,387.24." (*Id.*, Judgment, 13cr509 ECF no. 58, at p. 6) No appeal was taken.

On June 10, 2014, Ms. Dorsey filed a motion for relief from her restitution obligations. (13cr509 ECF no. 61) This was denied by Memorandum Opinion and Order filed on August 13, 2014 (13cr509 ECF no. 64).

On December 14, 2015, Ms. Dorsey filed a motion to correct the judgment under Fed. R. Crim. P. 36. (13cr509 ECF no. 68) In it, Ms. Dorsey noted that she pled guilty to three bank robberies, and that the sums stolen amounted to approximately $44,200. She states that the actual restitution

awarded, totaling $59,387.24, must therefore have been a clerical error. This motion was terminated in the criminal case by the clerk (Docket entry dated 8/26/2016). The reason is not clear, but it may have been terminated in favor of this § 2255 motion, filed under a separate civil number. In an abundance of caution, I will consider the Rule 36 motion in this opinion.

On April 19, 2016, Ms. Dorsey filed this § 2255 motion under Civil No. 16-2294. The motion asserts two grounds:

> (a) that Ms. Dorsey's Guidelines offense level was based on an erroneous dollar loss amount, exposing her to a higher sentence of imprisonment and denying her due process of law; and

> (b) that counsel was ineffective in that he allowed her to be sentenced based on an incorrect restitution amount.

I find that this § 2255 petition is untimely, and that equitable estoppel does not extend the one-year limitations period. In the alternative, I consider the merits of the motions and deny them.

### A. Timeliness of § 2255 motion

Under 28 U.S.C. § 2255(f)(1) a § 2255 petition must be filed within one year after the judgment of conviction becomes final. In Ms. Dorsey's case, Judgment was entered on March 24, 2014. She did not file a notice of appeal. The judgment therefore became final when the 14-day deadline to file a direct appeal expired on April 7, 2014. *See* Fed. R. App. P. 4(b)(1); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). The one-year statute of limitations in § 2255 therefore expired on April 7, 2015. This § 2255 petition was filed more than one year after that deadline, on April 19, 2016.

On April 27, 2016, I entered a memorandum opinion and order to show cause why the petition should not be dismissed as untimely. It directed Ms. Dorsey to the relevant standard and explained what showing would be required:

> In cursory fashion, Ms. Dorsey asserts that her § 2255 motion is timely because equitable tolling should be applied. She states that she "was prevented from asserting her rights and counsel did not

2

> exercise due diligence in preserving her right(s) in the claim of the monetary amount that the Movant has disputed." (Dkt. No. I at p. 13) For equitable tolling to apply, "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citation omitted).
>
> For equitable tolling to apply, Ms. Dorsey needs to explain with specifics how she was prevented from asserting her rights and that she has been pursuing her rights diligently. Her cursory statements on equitable tolling as stated in her § 2255 motion are insufficient. Therefore, this Court will order Ms. Dorsey to show cause why her § 2255 motion should not be dismissed as untimely. In any response that Ms. Dorsey may elect to file, she should explain with specific details what extraordinary circumstances stood in her way from pursuing her rights and the ways she has been pursuing her rights diligently.

(16cv2294 ECF no. 2 at 2–3)

Ms. Dorsey responded that the facts supporting her claim could not have been discovered through the exercise of due diligence within the one-year limitations period, which should be equitably tolled. (16cv2294 ECF no. 3) That argument is clearly inadequate. She challenges the calculation of the dollar loss or restitution amount imposed in connection with sentencing. The restitution amount was known to her on the date of sentencing, March 24, 2014. It was included on the face of the Judgment. Indeed, Ms. Dorsey twice filed motions to vacate or modify her restitution obligation. *See supra.* She was surely aware of that restitution obligation and could have filed a timely § 2255 challenge.

Ms. Dorsey also asserts that the deadline should be equitably tolled because her former attorney was unresponsive. Here is her explanation. She acknowledges that her first, *pro se* motion to reduce her restitution payments was filed and denied within the limitations period, on August 13, 2014. Two

3

months later, on October 8, 2014, she allegedly mailed a letter to her appointed trial counsel, Anthony Iacullo, Esq., "questioning the monetary amount that she was been responsible for in restitution." (16cv2294 ECF no. 3 at 3) On October 23, 2014, she received a letter from Mr. Iacullo, telling her to call and discuss the matter. She attempted to phone Iacullo, but did not get through. There were other letters, the last one on December 30, 2014. (*Id.*)

There things remained for nearly a year. It was on December 15, 2015, well beyond the one year limitations period for a § 2255 motion, that Ms. Dorsey filed her *pro se* Rule 36 motion to correct what she characterized as an error in the restitution figure in the judgment. (13cr509 ECF no. 68) Ms. Dorsey urges that the date she filed the Rule 36 motion, December 15, 2015, should be treated as "the date in which the petitioner[] discovered with due diligence that her rights afforded to her by the United States Constitution were and are being violated." (16cv2294 ECF no. 3 at 3)

Generally speaking, attorney negligence or malfeasance will not constitute the kind of extraordinary circumstances that would justify equitable tolling. *See Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (even where attorney misrepresented that he would be filing a petition, the defendant could have learned that he had not done so before the limitations period expired). *See also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").[1]

More to the point, however, Ms. Dorsey's conduct would still fail the diligence test. As noted above, she knew the relevant facts as of the date of sentencing in March 2014. By her own account, she believed the restitution figure was incorrect as of late 2014, tried to contact her attorney about it, but gave up trying as of December 30, 2014. At that time, there were still four

---

[1] In entertaining the attorney-malfeasance theory, I assume *arguendo* that Mr. Iacullo was still her attorney at this point. There is no allegation or showing that his appointment under the Criminal Justice Act extended to the filing of a § 2255 motion.

4

months left in the limitations period. Ms. Dorsey was and is capable of proceeding without an attorney, if she cannot afford one. She had already filed one *pro se* motion relating to the restitution obligation. More than a year after that first application was denied, she filed a second, *pro se* Rule 36 application regarding the restitution obligation. Months after that, and more than a year after the § 2255 deadline had run, she filed this *pro se* § 2255 application. And she was aware that she was filing out of time, because the motion itself invokes equitable tolling. (16cv2294 ECF no. 1 at 13)

For these reasons, the extraordinary remedy of equitable tolling is not appropriate. Nevertheless, I briefly consider the merits of the § 2255 motion, as well as the Rule 36 motion, in the alternative.

### B. Loss Calculation for Sentencing Purposes

Ms. Dorsey argues that her Guidelines offense level was wrongly calculated because the Court erred as to the restitution figure. Because the court thought the restitution figure was $59,387.24, she says, it set the offense level too high, resulting in a sentencing range of 87–108 months. Actually, she says, the loss was $42,000, and the sentencing range should have been 57–60 months. She asks the court to reduce her sentence accordingly.

The first premise of the argument is simply incorrect. Ms. Dorsey's offense level, and her imprisonment range, were not calculated based on a loss figure of $59,387.24. In fact, the sentencing court did exactly what Ms. Dorsey is now saying it should have done—calculated the offense level based solely on the amounts taken in the robberies (which added up to about $42,000, not $59,000). Thus, the Financial Resources Credit Union robbery netted $20,339; the Somerset Savings Bank robbery netted $14,691; and the Fulton Bank robbery netted $6,928. The total amount of the robberies, then, was $41,958. (PSR ¶ 37). The sentencing court used those lower figures, totaling about $42,000, not the higher restitution figure, in calculating the offense level and the imprisonment range.

The second premise of the argument is also incorrect. The use of the actual dollar amounts taken in the robberies correctly yielded a range of 87–

5

108 months, not 57–60 months. Where Ms. Dorsey goes wrong seems to be in the Guidelines calculation of the offense level for multiple counts. She pled guilty to three bank robberies, not one. For multiple counts of bank robbery, the offense level is not set by simply aggregating the amounts stolen (as would be done if, for example, these were multiple counts of financial fraud). Rather, the offense level for each bank robbery was calculated separately by applying the appropriate base level with enhancements for, e.g., use of a firearm. Then the multiple count rules were applied to arrive at a final, combined adjusted offense level of 31. (PSR ¶¶ 41–71) See U.S.S.G. § 2B3.1 (bank robbery guideline); U.S.S.G. § 3D1.4 (multiple count adjustment).

There was no error in that calculation. The proper total offense level, after reductions for acceptance of responsibility, was 28. Combined with a Criminal History Category of II, that yielded a range of 87–108 months. I sentenced Ms. Dorsey to 87 months, at the bottom of the range.

### C. Restitution

The amount of restitution did not, as Ms. Dorsey believes, affect the amount of prison time imposed. That seems to be the thrust of her argument. Nevertheless, I consider her argument that it was calculated incorrectly, if only to dispose of the Rule 36 "clerical error" contentions.[2]

The restitution amount, says Ms. Dorsey, must consist of the amounts taken in the robberies—approximately $42,000, as noted above. In entering a restitution award of $59,387.24, she says, the court erred.

The basis for the award of restitution was not simply repayment to the banks of the amounts taken in the robberies. It also included disability payments to GD, a victim teller, of $4,877.52 and $12,551.72. (PSR ¶ 37b) Hence the restitution award was higher than the actual amounts stolen. The discrepancy between the two figures was not an error.

---

[2] As noted above, Ms. Dorsey filed a Rule 36 motion, which I have elected to consider here, in the alternative. A motion to correct a judgment under Fed. R. Crim. P. 36 may be brought at any time, and is not subject to the § 2255 statute of limitations. Such a motion is, however, narrowly confined to errors of a clerical nature.

6

Thus, for purposes of the motion under Fed. R. Crim. P. 36, the judgment contains no clerical error. Alternatively, for purposes of the § 2255 motion, counsel did not render deficient service, and no prejudice resulted. *See generally Strickland v. Washington*, 466 U.S. 668 (1984).

## CONCLUSION

For the foregoing reasons, the § 2255 petition is denied and dismissed. This Opinion shall be filed in both the criminal case (13cr509) and the separate civil § 2255 case (16cv2292).

Dated: April 19, 2018

_____
KEVIN MCNULTY, U.S.D.J.